# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

HAROLD GIVENS,      )
             )
    Movant,     )
             )
  v.         )     No. 4:08-CV-1207 CAS
             )
UNITED STATES OF AMERICA,  )
             )
    Respondent.   )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion appears to be barred by the one-year period of limitations.

On June 21, 2005, after movant pled guilty to Count II of the indictment, felon in possession of a firearm, the Court sentenced movant to 180 months imprisonment followed by three (3) years of supervised release. Movant did not file an appeal.

## Motion to Vacate

Movant seeks to vacate, set aside or correct his conviction and sentence on several grounds: 1) that he was denied effective assistance of counsel; 2) that 18 U.S.C. § 922(g)(1) violates Article 1, Section 8 of the United States Constitution; 3) that his right to bear arms, as guaranteed by the Second Amendment, was violated at his arrest and trial; and 4) that his Fifth Amendment right to due process was violated at the time he was sentenced.

s                                    **<u>Discussion</u>**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts

provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the

movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section.  The limitation
period shall run from the latest of--

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by
>    governmental action in violation of the Constitution or laws of the
>    United States is  removed, if the movant was prevented from making
>    a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the
>    Supreme Court, if that right has been newly recognized by the
>    Supreme Court and made retroactively applicable to cases on
>    collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and

is subject to summary dismissal.  An unappealed criminal judgment becomes final for purposes of

calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal

expires.  <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2nd Cir. 2005).  In this case, the judgment

became final ten days after the judgment was entered on June 21, 2005.  Fed. R. App. Proc. 4(b)(1).

As a result, the one-year period of limitations under § 2255 expired a little more than three years ago.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  29th  day of August, 2008.